**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2068
_____

NAT VAUGHN,
                              Appellant

v.

MGM RESORTS INTERNATIONAL,
d/b/a Borgata Hotel Casino & Spa

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:17-cv-11460)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2019
Before:  CHAGARES, BIBAS, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 21, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Nat Vaughn was banned from Borgata Hotel, Casino & Spa ("Borgata") in Atlantic City, New Jersey. Borgata had taken issue with the way Vaughn was using slot machines in its casino; and it let Vaughn know so in a publicly available state court filing. In Vaughn's subsequently filed suit in federal court against Borgata and its parent company, MGM Resorts International ("MGM"; collectively, "Defendants"), he raised claims for defamation and improper exclusion from the casino. The District Court granted Defendants' motion to dismiss Vaughn's operative pleading under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm the District Court's judgment in part, vacate it in part, and remand the case for further proceedings.

I.

Vaughn is a resident of New York City.[1] He was a longtime patron of Borgata's casino and a regular player of its slot machines. In addition to playing the slot machines, Vaughn used them to "consolidate casino payment gaming vouchers for conversion to US currency." Compl. ¶ 19.

---

[1] We have accepted as true all well-pleaded factual allegations in Vaughn's first amended complaint (ECF 5), see Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), which we cite as "Compl." Although Vaughn filed in the District Court a document titled "Second Amended Complaint" (ECF 10), that filing contained only allegations bearing on subject matter jurisdiction—in response to the District Court's Order to Show Cause, see ECF 2, 7, 11—and not Vaughn's claims. Like the District Court, we treat the first amended complaint as the operative pleading that was the subject of Defendants' motion to dismiss and that is the subject of this appeal.

In October 2016, Vaughn received a letter from Borgata stating that, "effective immediately," it "no longer desires to accept your business as a customer at our property." Compl. Ex. F.[2] The letter prompted Vaughn to file suit in New York state court.[3] During the pendency of that action, a lawyer for Borgata told Vaughn over the phone "that his client 'did not like the way the Plaintiff play[ed] their slot machines devices [sic].'" Compl. ¶ 27. Borgata's lawyer then elaborated in a court filing: "The reason Plaintiff was excluded is because he was observed using slot machines to convert cash and payment vouchers into larger payment vouchers without actually playing the slot machines." Compl. Ex. A (incorporating by reference ECF 1 at 12-13).

According to Vaughn, it is not illegal to use slot machines in the manner described above, and Borgata's lawyer was in any event wrong to insinuate that Vaughn had been in the presence of slot machines but had not played at least one. Vaughn claimed specifically that the Borgata lawyer's state court filing suggested criminality on Vaughn's part and was thus defamatory. Vaughn also challenged Borgata's "issuance of an

---

[2] Vaughn attached a copy of the October 2016 letter to his amended complaint. Courts assessing the viability of a pleading can consider exhibits attached thereto, "as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (citation and internal quotations omitted).

[3] We take judicial notice that the action in New York ended with a decision dismissing it for lack of personal jurisdiction. See Vaughn v. MGM Resorts Int'l, 68 N.Y.S.3d 381 (table) (N.Y. App. Div. 2017) (per curiam). Such a disposition is without prejudice, see EF Operating Corp. v. Am. Bldgs., 993 F.2d 1046, 1048-49 (3d Cir. 1993), and did not otherwise preclude Vaughn from filing suit in federal court.

unjustified 'order of exclusion,'" Compl. ¶ 1, and sought readmittance as well as money damages and restoration of certain casino privileges.

Defendants moved under Rule 12(b)(6) to dismiss Vaughn's amended complaint for failure to state a claim. Defendants advanced four grounds in support of their motion: (1) there were no allegations that could support holding MGM vicariously liable for the actions of Borgata; (2) Vaughn failed to state a viable defamation claim because the subject statement—found in an "affirmation" by Borgata's lawyer—was indisputably true; (3) because the subject statement was made during litigation, it is absolutely privileged and not actionable; and (4) Vaughn alleged no viable basis to challenge his exclusion, because under New Jersey law Borgata has "the common law authority to exclude patrons for good cause," and Vaughn admittedly "engaged in transactions considered reportable under duties imposed by the [Bank Secrecy Act of 1970]."[4]

The District Court granted Defendants' motion to dismiss. As a preliminary matter, it agreed that MGM is not a proper party to Vaughn's suit—only Borgata is. Next, the District Court concluded that—regardless of whether New Jersey or New York law applied—Vaughn failed to state a viable claim for defamation because he "admits that the alleged defamatory statement is not false." The District Court concluded in the

---

[4] "Congress passed the Bank Secrecy Act of 1970 to require certain reports and records that may be useful in 'criminal, tax, or regulatory investigations or proceedings, or in the conduct of intelligence or counterintelligence activities . . . .'" Bedrosian v. IRS, 912 F.3d 144, 147 (3d Cir. 2018) (quoting 31 U.S.C. § 5311).

4

alternative that the Borgata lawyer's statement "is not actionable because it is protected by the litigation privilege." Finally, while recognizing that casinos have a duty to "treat patrons fairly" under New Jersey common law, the District Court accepted Borgata's arguments regarding the Bank Secrecy Act and casinos' common law right to exclude patrons who "disrupt regular and essential operations." Vaughn appealed.

## II.

The District Court exercised subject matter jurisdiction under 28 U.S.C. § 1332(d), based on its determinations that the parties are of diverse state citizenship and that the amount in controversy exceeds $75,000. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise de novo review of an order granting a motion to dismiss under Rule 12(b)(6). Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993). We have observed that, "[i]n order to defeat a Rule 12(b)(6) motion, plaintiffs' '[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Thus, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

## III.

For substantially the reasons given in the District Court's memorandum opinion, it properly concluded both that MGM is not a proper party to this action and that Vaughn failed to state a viable defamation claim, regardless of whether one applies the law of

5

New Jersey or New York in assessing Vaughn's amended complaint. We thus affirm the District Court's judgment to that extent.

But only to that extent, as the District Court should have permitted the case to proceed on Vaughn's apparent claim that Borgata breached its duty of public accommodation under New Jersey law.[5] Under that law, when casinos or other "property owners open their premises to the general public in pursuit of their own property interests, they have no right to exclude people unreasonably." Uston v. Resorts Int'l Hotel, Inc., 445 A.2d 370, 375 (N.J. 1982); see also Campione v. Adamar of N.J., Inc., 714 A.2d 299, 309 (N.J. 1998) ("Even without statutory or regulatory support, a casino has a common-law duty to treat patrons fairly.").[6]

The word "unreasonably" in Uston is key; property owners may legitimately exclude patrons for eminently reasonable reasons, such as when patrons' actions "disrupt the regular and essential operations of the premises" or "threaten the security of the premises and its occupants." Uston, 445 A.2d at 375 (internal quotation marks,

---

[5] Vaughn did not invoke this aspect of New Jersey law by its proper name, but Defendants and the District Court appear to have understood him to be advancing a public accommodation claim, and it was fair to do so given the allegations in the amended complaint and the requirement that pro se pleadings are to be liberally and favorably construed for the benefit of pleader. See Fed. Exp. Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). Furthermore, there is no dispute that New Jersey law applies to this claim. Cf. Aliments Krispy Kernels, Inc. v. Nichols Farms, 851 F.3d 283, 289 (3d Cir. 2017) (describing New Jersey's choice-of-law rules).

[6] A plaintiff may recover damages for a breach of the duty of public accommodation. See Uston, 445 A.2d at 374.

alterations, and citations omitted); cf. Kreimer v. Bureau of Police for Town of Morristown, 958 F.2d 1242, 1270 (3d Cir. 1992) (observing that, "[i]nasmuch as the card-counter [in Uston] had not disrupted the functioning of any casino operations, and did not threaten its safety, he could not be excluded"); Simone v. Golden Nugget Hotel & Casino, 844 F.2d 1031, 1035 (3d Cir. 1988) ("A casino may exclude disorderly patrons from its premises."). Ultimately, "[w]hether a decision to exclude is reasonable must be determined from the facts of each case." Uston, 445 A.2d at 375.

Turning to the facts alleged in this case, we conclude that Vaughn adequately pleaded a claim that Borgata breached its duty of public accommodation when it banned Vaughn from the premises. The thrust of Vaughn's allegations is that when he played the slot machines at Borgata's casino, he also used the machines to consolidate Borgata-issued payment vouchers with other vouchers and/or cash.

A tenable reading of the amended complaint is that Vaughn employed his self-described slot machine "method" over the course of many years in order to create larger payment vouchers—not to enrich himself in any way, but to use or redeem those vouchers with greater efficiency. That such conduct should be deemed uncontroversial is plausible. See Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility.").[7] It is also plausible that, despite the seemingly

---

[7] Notably, there is no factual allegation or pleading exhibit (or law, for that matter) indicating that such conduct is illegal or contrary to Borgata policy, or that Borgata ever warned Vaughn that his actions could lead to permanent expulsion. See, e.g., Borgata Br.

uncontroversial nature of Vaughn's conduct, Borgata excluded him because, as alleged, it simply "did not like the way" he played. Accepting as true Vaughn's allegations to that effect, a factfinder could conclude that Borgata's actions here were arbitrary and unreasonable and, as such, a plausible basis for liability under New Jersey law.[8]

Of course, there may be more to the story. Indeed, Borgata describes at some length both the nature of slot machine pay-ins and payouts, see, e.g. Borgata Br. at 3-4, and its belief that Vaughn's use of the casino's slot machines here triggered Borgata's obligations under the Bank Secrecy Act of 1970, see, e.g., Borgata Br. at 4, 14-17. Putting aside the perhaps-inadvertent disclosure that Vaughn's conduct may have resulted in the creation of a "Suspicious Activity Report" under the Bank Secrecy Act, see Borgata Br. at 15; cf. 31 C.F.R. § 1021.320(e)(1), the real problem for Borgata on appeal is that virtually none of that factual exposition can be found in Vaughn's amended complaint or in the exhibits thereto or in any judicially noticeable source.

More to the point: If Borgata were interested in presenting a narrative counter to that laid out in Vaughn's pleading, it should have filed a motion for summary judgment and followed the District Court's specific procedures for doing so. It is not proper, at this

---

at 2 ("Borgata never accused Mr. Vaughn of a crime; it did not and does not take a position on whether Mr. Vaughn's use of its slot machines was lawful.").

[8] Vaughn argues as much in his opening brief. See, e.g., Vaughn Br. at 2 ("Appellant submits [that his conduct alleged in the amended complaint] hardly qualifies as a reason to exclude a patron in good standing for more [than] a decade. The Appellees' act hardly qualifies as a good cause.").

8

phase of the proceedings, for this Court to credit Borgata's narrative and wager that discovery would prove the reasonableness of its actions against Vaughn. Cf. Bistrian, 696 F.3d at 372 ("It may be that summary judgment for Jezior is on the horizon. But right now we conclude that Bistrian has plausibly alleged that Jezior responded unreasonably to the attack, and thus this claim survives a motion to dismiss.").

In sum, we are reviewing a dismissal under Rule 12(b)(6); that dismissal was premature as to the New Jersey-law public accommodation claim in light of Vaughn's allegations; and, based on that isolated error by the District Court, we will vacate its judgment in part.

IV.

Accordingly, the District Court's judgment will be affirmed in part, and vacated in part. The case will be remanded only for further proceedings concerning Vaughn's public accommodation claim against Borgata. We express no opinion on the merits of that claim, and our opinion does not preclude Borgata from raising any affirmative defenses that may be available to it.